■ TIMOTHY NEALON, Appellant, v ROBERT BARTON et al., Respondents. (And Two Third-Party Actions.)—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Di Noto, J.), entered July 8, 1988, which, upon a jury verdict, was in favor of the defendants and against the plaintiff on the issue of liability.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when a van operated by the defendant Robert Barton, Jr., struck him as that defendant was attempting to back the van into a commercial garage. The plaintiff was standing on the sidewalk adjacent to the garage opening observing Barton back the van into the garage when the van struck his arm. Although the plaintiff testified at trial that he was merely observing the van back up, the plaintiff stated in an examination before trial that he was present in order to assist Barton in maneuvering the van.

After the close of evidence, the jury rendered a verdict in favor of the defendants. On appeal, the plaintiff argues that the trial court erred in refusing to charge Vehicle and Traffic Law §§ 1225-a and 1151-a regarding vehicles crossing sidewalks and entering driveways. In addition, he argues that the verdict was against the weight of the evidence. We affirm.

We find the plaintiff's contention that he was a "pedestrian" at the time of the accident within the meaning of Vehicle and Traffic Law §§ 1225-a and 1151-a unpersuasive. The clear intent of the foregoing statutes is to ensure the safe passage of pedestrians where vehicles traverse a sidewalk in order to, *inter alia,* gain access to buildings adjacent to the sidewalk (Vehicle and Traffic Law § 1225-a [a]; § 1151-a). This statutory duty of care is not, however, properly applied to an individual who voluntarily situates himself at a fixed point on the sidewalk to either observe or assist a driver in backing up a vehicle into a garage. At bar, the plaintiff did not seek or require the right of way, since he was not crossing the

driveway. Indeed, he yielded or conceded his right of way to the van, testifying at trial that he "stood off to the side so [the van] could pull into the garage". Accordingly, it was not error for the court to decline to charge these sections *(see, Wilmot v City of New York,* 73 AD2d 201, 204).

Nor do we find merit to the plaintiff's further assertion that the jury verdict was against the weight of the evidence. It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). Contrary to the plaintiff's contentions, there was ample evidence supporting the jury verdict. Specifically, evidence was adduced from which the jury could have concluded that Barton reasonably assumed that the plaintiff, who was observing his actions, would extricate himself from any potential danger presented by the van as it approached and that, therefore, the injuries sustained were caused by the plaintiff's own negligence. Moreover, the plaintiff himself had made statements suggesting that he was actively assisting Barton in maneuvering the van into the garage, thereby further buttressing the foregoing view of the evidence. In light of the above, it cannot be said that the jury's verdict was against the weight of the evidence. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.